IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DANIEL FLEMING,**
   **Plaintiff,**

vs.             Case No: 5:06cv64/RS/MD

**FLORIDA DEPARTMENT OF**
 **CORRECTIONS, et al.,**
   **Defendants.**

___

## REPORT AND RECOMMENDATION

  Plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, it is apparent that venue is not proper in the Panama City Division. Accordingly, this case should be transferred.

  Plaintiff is presently confined at Washington Correctional Institution in Chipley, Florida. He was confined at Everglades Correctional Institution ("Everglades CI") located in Miami, Florida, at the time of the events giving rise to this complaint. He names eight defendants in this matter: the Florida Department of Corrections; James McDonough,[1] Secretary of the Florida Department of Corrections; and six corrections officials at Everglades CI.

  Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants

---

[1] Plaintiff erroneously identifies the Secretary of the Florida Department of Corrections as "Mr. McDonald," instead of Mr. McDonough. (Doc. 1, p. 1).

> reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* In the instant case, the acts or occurrences forming the basis of the complaint occurred at Everglades CI, which is located within the Southern District. Although Secretary McDonough's residence is in this District, albeit the Tallahassee Division, it does not appear Secretary McDonough is a proper party to this suit because plaintiff presents no factual allegations or claims against this defendant. Furthermore, the fact that Secretary McDonough is the ultimate supervisor of the officials who engaged in the alleged misconduct is insufficient to impose § 1983 liability. It is well settled that *respondeat superior*, without more, does not provide a basis for recovery under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003); *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). Even assuming Secretary McDonough's residence provides a basis for bringing the action in this District, for the reasons that follow it appears the Southern District is the more appropriate venue.

Title 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison,* 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting,* 689 F.2d at 991 n.14.

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of *forum non conveniens*, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91, L.Ed. 1055 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2, 114 S.Ct. 981, 986, n.2, 127 L.Ed.2d 285 (1994);[2] *accord Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983).[3]  While *forum non conveniens* would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in *Gilbert*, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

---

[2]In *American Dredging,* the Court explained:

> *Gilbert* held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of *forum non conveniens*." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981). As a consequence, the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad.

*American Dredging*, 510 U.S. at 449, n.2, 114 S.Ct. at 986, n.2.

[3]In *Cowan*, the Fifth Circuit explained the proper applicability of the doctrine of *forum non conveniens* in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

*Cowan*, 713 F.2d at 103 (additional citations omitted).

**The factors set forth in *Gilbert* are as follows:**

**[i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . .**

**Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .**

*Gilbert*, 330 U.S. at 508-09, 67 S.Ct. at 843.

In the instant case, the operative facts underlying this cause of action occurred within the Southern District; thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[4] Therefore, in the interest of justice, this action should be transferred to the Southern District so that plaintiff may proceed.

Accordingly, it is respectfully RECOMMENDED:

That this case be TRANSFERRED to the United States District Court for the Southern District of Florida, and the clerk be directed to close this file.

DONE AND ORDERED this 24th day of March, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

---

[4] Although the plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**